Per Curiam.

The ultimate question confronting the court on this appeal from the decision of the Board of Tax Appeals is whether the board acted unreasonably or unlawfully in fixing the true value in money of a business property in downtown Cincinnati for tax purposes for the year 1957 at $461,600, ascribing a value of $387,360 to the land and a value of $74,240 to the building erected thereon.
In arriving at such determination the board placed its stamp of approval on a final order of the Board of Revision of Hamilton County which made an identical determination as to tax value and wherein such board of revision reduced the value of the building by $18,560 from that placed thereon by the Auditor of Hamilton County.
In reaching its conclusion the Board of Tax Appeals had the following factors before it: The location of the property in the heart of Cincinnati and its character; its purchase at a partition sale in 1958 for the sum of $533,000; and the testimony of an expert witness that its fair market value on January 1, 1957, was in such amount.
In contesting the tax valuation placed on the property, the appellants claim that the fair market value of the property based upon capitalization of earnings was but $354,200; that the ratio between assessed valuation and the fair market value of real property in Hamilton County on January 1, 1957, was *63 approximately 60 per cent; that in light of snch facts there has been gross discrimination against appellants; and that they are justly entitled to a tax valuation on the property as of January 1, 1957, in the amount of $319,800, representing 60 per cent of $533,000, which figure was the highest fair market value of the property on such last named date.
The Board of Tax Appeals has a broad discretion in fixing tax valuations, and this court has said many times that it will not substitute its judgment for that of the board. It is to be borne in mind that the determination of the true value of each parcel of real estate, with the improvements placed on it, is a separate undertaking and does not wholly depend on values accorded other parcels in the same vicinity. A particular parcel, because of its location and the improvements thereon, may properly be given a higher value than other parcels in the same neighborhood, without discrimination resulting. After all, true value of the particular property is the controlling consideration, and this is a question of fact primarily within the province of the taxing authorities. If there is no patent abuse apparent in fixing property valuations for taxes, a court will not disturb such finding.
On the entire record, this court can not hold that the decision of the Board of Tax Appeals herein is unreasonable or unlawful, and its decision is, therefore, affirmed.

Decision affirmed.

Weygandt, C. J., Zimmerman, Matthias, Bell and Herbert, JJ., concur.
Peck, J., not participating.